## RUNDE v. MANUFACTURERS CASUALTY INS. CO.

### No. 71, Docket 21437.

United States Court of Appeals
Second Circuit.

Argued Nov. 11, 1949.

Decided Dec. 7, 1949.

Samuel Reich, of Bridgeport, Conn., for appellant.

Louis Feinmark, of New Haven, Conn. (Lester H. Aaronson, of New Haven, Conn., on the brief), for appellee.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

This is an action upon a policy issued by defendant upon an automobile owned by one Laurinda Gomez of West Haven, Connecticut, insuring her or anyone using the car with her permission, against loss or damage on account of bodily injury of any person for which the owner might be legally responsible. Plaintiff has recovered a judgment in the Fairfield County (Connecticut) Superior Court for $15,000 and costs against Robert D. Convard for personal injuries sustained by her by reason of Convard's negligence in operating the Gomez car. The action was begun in a state court under a state statute allowing suit directly against the insurance company.[1] Verdict and judgment having gone for the defendant, this appeal by plaintiff followed.

1. The record here being unfortunately silent on the point, we have examined the district court files to ascertain that the action was removed there because of the diverse citizenship of the parties.

From the facts as developed it appeared that Mrs. Gomez, the insured owner, lent her car on March 26, 1946, to Convard, her neighbor in West Haven, who told her that he wished to go to New Haven to get an operator's license at the office of the motor vehicle commissioner there. In fact, however, Convard went in the other direction, first to Stratford, where he picked up the plaintiff, a friend, and then to Devon and to Bridgeport, stopping en route for drinks. The accident occurred while Convard was operating the car in Bridgeport and intending to go still further away from New Haven before returning home.

Mrs. Gomez apparently did not realize at the time of the accident that she was insured. Her policy had expired January 4, 1946, and unknown to her (as she asserts) the agent had automatically issued a renewal policy. After this policy had been issued Mrs. Gomez failed to pay her premium, although repeated requests were made for payment. On April 26, one month after the accident, defendant notified Mrs. Gomez that because of her nonpayment of the premium the policy would be cancelled as of May 3. On the record this is the first date on which it can be said with assurance that Mrs. Gomez knew she was insured. Despite having received this information, Mrs. Gomez did not then notify defendant of the accident which had occurred while she was covered by insurance, nor, in fact, did she give such notice until July 12, shortly after the insurance agent had threatened her with suit for the earned premium up to the date of cancellation. This is the first date upon which defendant had knowledge of the accident.

The issues below were (1) whether the use of the automobile at the time of the accident was with the permission of the insured owner, and (2) whether defendant was given notice of the accident as required by the policy. The policy provision covering the first point is a definition of "Insured" to include not only the named Insured, but also "any person while using the automobile * * * provided the actual use of the automobile is with the permission of the named Insured." The policy

provision covering the second point is the Insured's agreement to give the Company written notice of the accident—together with particulars and names of available witnesses—"as soon as practicable." The district court, in submitting the case to the jury, required them not only to render a general verdict, but to answer two interrogatories whether the actual use of the automobile at the time was with the permission of the owner and whether she gave the required written notice as soon as practicable. The jury answered each question, "No," and also returned a defendant's verdict.

■ Plaintiff complains of six rulings by the court as to the admission of evidence. These rulings seem so plainly correct that detailed discussion appears unnecessary. The first assignment of error, the exclusion of an incompetent self-serving letter from plaintiff's attorney to defendant claiming notice of the accident had been given in compliance with the terms of the policy, was abandoned at the argument. There was no error in excluding an excerpt from an inter-office memorandum by an employee of the insurance company saying that the failure to give prompt notice was understandable. This was at most a mere expression of possible opinion on the part of an employee of defendant as to the possible opinion of the plaintiff, and was binding on no one. Nor would it have added anything to plaintiff's case to have permitted Convard's attorney to testify that Convard was willing to co-operate in giving information to defendant.

■ The questions asked Convard as to where he had gone in the car and what he had done were quite proper upon the issue whether the use of the car was within the terms of the permission given. The jury was entitled to this information, even though it disclosed that plaintiff and Convard had been drinking. Nor was it error to permit cross-examination of Convard as to his motive in telling the Bridgeport police that Mrs. Gomez knew he was going to Stratford, or as to where he intended to go at the time of the accident. All this bore directly on this important issue.

We find no more merit in the plaintiff's complaint that the court erred in failing to charge the jury in accordance with six of her requests to charge. The court's charge was clear and precise and an accurate statement of the law; to the extent that plaintiff's requests to charge were relevant they were included in substance in the charge. The requests which plaintiff now urges most strongly rest in part upon a particular interpretation of the facts which was strongly disputed, and in part upon legal precedents not applicable to this case. The key request was the final one for a charge that "duty to give notice does not arise unless and until facts develop which would suggest to a person of reasonable prudence that such notice was necessary, and is complied with if notice is given within a reasonable time after the situation so assumes an aspect suggestive of a possible claim for damages." But Baker v. Metropolitan Casualty Ins. Co., 118 Conn. 147, 171 A. 7, and others of that line of cases, relied on as authority for the request quoted, are concerned with the situation where notice to the insurer is tardy because the injury seemed so slight and inconsequential that the insured was justified in feeling that no claim of damage would arise. Here it was apparent from the first that substantial injuries had been incurred. The district court was justified in refusing to charge as requested; if anything, the charge as to whether the notice given complied with that required by the policy was more favorable to the plaintiff than called for by the decisions.

The final ground of appeal is based on the court's statement in its charge that, while an insurance company should be held responsible for every accident for which it had contracted to be liable, nevertheless to hold companies to a greater liability than that contemplated by the companies and provided for in the policies would raise the cost of insurance to the general public. This is not to tell the jury that it would raise the cost of insurance to hold for this plaintiff, as plaintiff contends. The court said nothing incorrect in going on to tell the jury that, while they should give the plaintiff all the protection contracted for,

they should not go beyond what was contracted for. The court explained to the jury its reason for going into these matters as the argument by plaintiff's counsel in summation that the two issues as defined earlier were "raised by the defendant to escape the consequences of the very policy which they wrote and for which they received a premium" and that "insurance policies were issued to protect the insured." We have not the summation before us, but we do have a narrative statement inserted by the defendant in the certified record, and not factually challenged by plaintiff, showing that her counsel went even farther than the judge implies in appealing to the prejudices of the jury to find against an insurance company. Under the circumstances thus indicated, the charge was not only proper, but needed. The appeal is without merit.

Affirmed.