IRVING G. CHAPIN, APPELLEE, V. OCEAN ACCIDENT & GUARANTEE CORPORATION, APPELLANT.

FILED MAY 15, 1914.　No. 18,119.

1. **Insurance:** AUTOMOBILE ACCIDENT INDEMNITY: NOTICE OF ACCIDENT. A provision in an automobile accident indemnity policy that the assured on the occurrence of an accident shall give immediate written notice thereof, with the fullest information obtainable at the time, to the assurer is a reasonable requirement, but the term "immediately" is to be reasonably construed in connection with the attendant circumstances.

2. ———: ———: ———. Such a provision in a policy executed "to indemnify the assured against loss from the liability imposed by law upon the assured for damages, on account of bodily injuries (including death at any time resulting therefrom) accidentally suffered," etc., does not require notice of all accidents, but is construed to mean that notice is only required of such accidents as result in bodily injuries.

3. ———: ———: ———. In a case where no bodily injury is apparent at the time of the accidental occurrance, and there is no reasonable ground for believing that a claim for damages against the owner of the automobile may arise therefrom, he is not required to give the assurer notice until the subsequent facts as to injury would suggest to a person of ordinary and reasonable prudence that a liability to the injured person might arise. In such case the duty of the assured is performed if he gives notice within a reasonable time after the injury presents an aspect suggestive of a possible claim for damages.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*C. S. Allen, O. B. Clark* and *Frederick Shepherd,* for appellant.

*Field, Ricketts & Ricketts, contra.*

LETTON, J.

Action to recover upon an automobile indemnity insurance policy. Defendant demurred to the petition. The demurrer was overruled. Defendant elected to stand

thereon, and judgment was rendered for plaintiff. Defendant appeals.

The petition, in substance, alleges that on March 30, 1910, the defendant, in consideration of a premium of $78, issued and delivered to plaintiff an insurance policy, by the terms of which it agreed for one year thereafter to indemnify the plaintiff against loss for liability imposed upon him by law for damages on account of bodily injuries accidentally suffered as the result of the use of an automobile owned by plaintiff, to contest and defend suits brought on account of such injuries, and to reimburse plaintiff for expenses incurred in providing immediate surgical relief in case of accident. On March 1, 1911, plaintiff's automobile, when being driven by his employee, collided with one William N. Lewis, who was then riding a bicycle. The fender struck Lewis with sufficient force to throw him from the bicycle to the pavement and shocked him. Plaintiff was immediately notified, and at once interviewed Lewis, and was told by Lewis that he was not hurt. Relying on this statement, plaintiff did not notify defendant of the collision. Lewis continued in his usual and customary employment, and the plaintiff heard nothing further about the collision until on or about February 22, 1912, when he was advised that Lewis was suffering from a species of paralysis, and at the time claimed that his condition was traceable to and caused by the fall upon his collision with the plaintiff's automobile. Immediately upon receipt of this advice, plaintiff notified defendant of the facts and circumstances touching the accident, and the statement by Lewis that he was not hurt at the time, and also of the condition of Lewis at that time, and of the claim that it was traceable to the fall received in the collision aforesaid. During the interval between the collision and the time of receiving the notice of claim of Lewis, plaintiff honestly believed the statement of Lewis that he had received no injury from the collision, for which reason plaintiff did not give notice of the collision to defendant. Afterwards plaintiff was notified by an attorney that Lewis was about to bring suit for damages. He there-

upon, at once, notified defendant of this fact, and re-
quested defendant to take up the matter and settle or de-
fend any suit brought by Lewis on account of the injury.
Defendant disclaimed any liability for the reason that:
plaintiff had not given notice at the time of the collision.,
About August 1, 1912, Lewis died of a disease alleged to
have resulted from the fall. An administratrix was ap-
pointed, who brought suit against this plaintiff. Defend-
ant again refused, upon demand, to defend the action.
Plaintiff was compelled to employ counsel who after full
investigation advised plaintiff that the claim contained
elements which might subject plaintiff to a large judg-
ment upon a trial of the case to a jury, and recommended
a settlement if the same could be reached upon a reasonable
basis. Finally, by agreement a judgment for $2,500 and
costs was rendered against him. A number of other facts
are set out showing proper diligence in the efforts made
by plaintiff to defend the action against him. It'is also
alleged that plaintiff incurred a liability for legal expenses
and services in the sum of $500.

A copy of the policy is attached to the petition, which
contains the following provisions: "The assured, upon the
occurrence of an accident, shall give immediate written no-
tice thereof, with the fullest information obtainable at
the time, to the American head office of the corporation,
or to one of its duly authorized agents. The assured shall
give like notice, with full particulars, of any claim made
on account of such accident."

The demurrer of plaintiff is based upon the thought that
no liability exists on account of the failure of the insured
to give immediate written notice of the accident as re-
quired by the terms of the policy. A provision in an in-
surance policy of this nature requiring immediate writ-
ten notice of the occurrence of an accident is not unrea-
sonable. Its purpose is to enable the insurer to promptly
inform itself concerning the same, so that it may investi-
gate the circumstances, prepare for a defense, if necessary,
or be advised whether it is prudent to settle any claim
arising therefrom. Some courts construe such provisions

strictly in favor of the insurer. *Northwestern Telephone Exchange Co. v. Maryland Casualty Co.*, 86 Minn. 467; *Underwood Veneer Co. v. London Guarantee & Accident Co.*, 100 Wis. 378; *Employers' Liability Assurance Corporation v. Light, Heat & Power Co.*, 28 Ind. App. 437; *Travelers Ins. Co. v. Myers*, 62 Ohio St. 529, 49 L. R. A. 760; *National Construction Co. v. Travelers Ins. Co.*, 176 Mass. 121; *Rooney v. Maryland Casualty Co.*, 184 Mass. 26.

The principle stated, however, in our view does not cover or determine the question presented in this case. The agreement in the policy is that defendant will "indemnify the assured against loss from the liability imposed by law upon the assured for damages, on account of bodily injuries (including death at any time resulting therefrom) accidentally suffered," etc. Defendant agrees further "to contest claims and to defend suits, even if groundless, made or brought against the assured on account of such bodily injuries or death." The notice required is "upon the occurrence of an accident," and "of any claim made on account of such accident." An insurance contract like any other, must be reasonably construed. The contract does not require that all accidents resulting from the use of the automobile should be made the subject of a notice, and many accidents might happen in the use of the machine which are not the subjects of indemnity under the policy. Accidents resulting in injury to the owner himself or to the property of others are not included. The purpose was to protect the insured from liability against damages for bodily injuries accidentally suffered, and it is only those accidents which result in bodily injuries which are embraced within its terms. In determining the question presented, the meaning of the term "immediate written notice" and of the word "accident," as used in the policy, becomes important. Since the giving of "immediate" notice would in most cases, if the word were defined in its strictest sense, be impossible, courts generally hold that the word "immediately" does not mean instantly, but is to be construed as meaning within a reasonable time, having regard to all the circumstances. *Empire State*

*Surety Co. v. Northwest Lumber Co.*, 203 Fed. 417; *Columbia Paper Stock Co. v. Fidelity & Casualty Co.*, 104 Mo. App. 157, 78 S. W. 320; *National Paper Box Co. v. Aetna Life Ins. Co.*, 170 Mo. App. 361, 156 S. W. 740; *Odd Fellows Fraternal Accident Ass'n v. Earl*, 16 C. C. A. (U. S.) 596.

The word "accident" is susceptible of and has received many definitions, varying with the connection in which it is used. It is: "An event that takes place without one's foresight or expectation; an undesigned, sudden, and unexpected event; chance; contingency; often, an undesigned and unforeseen occurrence of an afflictive or unfortunate character; casualty; mishap; as, to die by an accident." Webster's New International Dictionary. In the Century Dictionary, among the definitions given are: "2. Specifically, an undesirable or unfortunate happening; and undesigned harm or injury; a casualty or mishap." As used in an indemnity policy such as this, we are of opinion that the word "accident" means an undesigned and unforeseen occurrence of an afflictive or unfortunate character resulting in bodily injury to a person other than the insured. It is evident that it cannot have been the intention of the parties that such an accident as a mishap, casualty or misadventure occurring without bodily injury to any one should be reported, since with such an occurrence defendant has no concern. To illustrate, suppose that in carelessly closing the door of an automobile the man in charge should inflict a slight or trivial bruise upon a passenger or bystander, of which no present external indication appeared, and as to which the individual disclaimed any injury, or, suppose that the finger of such a one was pricked or his skin abrased in some manner, resulting from the use of the automobile, would the policy make it imperative that immediate notice of such occurrences should be given, upon the penalty of a loss or forfeiture of the insurance in case an injury later developed? We cannot take this view. If no apparent injury occurred from the mishap, and there was no reasonable ground for believing at the time that bodily injury would result from

the accident, there was no duty upon the assured to notify the insurer. The supreme court of Missouri has said: "An injury might be of such character as to afford, at first, no reasonable ground for thinking that it might support a claim for damages against the employer. In such case we think the assured would not be required, under the reasonable rule of construction we are discussing, to give the assurer notice until such time as the facts of the injury and its progress began to suggest to a person of reasonable care and prudence that a possible liability of the assured to answer in damages lurked in them. * * * Frequently an injury apparently too trivial to cause any damage or inconvenience develops into a most serious phase. The duty of the assured in such instances with respect to giving notice is performed if he gives notice within a reasonable time after the injury first takes on a serious aspect, an aspect suggestive of a possible claim for damages." *National Paper Box Co. v. Aetna Life Ins. Co., supra.*

This language states the true principle, and in our opinion is determinative of this case. Accidents occurring to bicycle riders, which throw them to the pavement, are of very frequent occurrence, and it is a matter of common knowledge that as a rule they do not result in serious consequences. At the time and shortly after the collision Lewis stated that he had received no injury. If he had received no injury, or if the accident would not in an ordinary mind induce a reasonable belief that it might result in bodily injury, there was no obligation to notify the insurance company. At the time that the plaintiff first received knowledge that Lewis was injured and that a claim was liable to be made upon him for damages, he immediately notified the insurance company, and from that time on performed all the conditions which he was required to perform under the conditions of the policy. We cannot say as a matter of law that the conditions attending the accident were such as to bring it within the class of which it was his duty to give notice, or that the notice he did give was not given within a reasonable time, considering all

the circumstances of the case. We have said with respect to a case where notice was not given within the time specified in a policy and an excuse was offered: "The question of the sufficiency of the excuse offered and the reasonableness of the time in which the act is performed (is) to be determined according to the nature and circumstances of each individual case, the beneficiary in all cases being required to act with due diligence and without laches on his part." *Woodman Accident Ass'n. v. Pratt,* 62 Neb. 673, 687.

The defendant having elected to stand upon the demurrer, the facts alleged in the petition are admitted, and, since we cannot say as a matter of law that the notice was insufficient, the judgment of the district court was correct, and is

AFFIRMED.