WARREN BAKER vs. THE METROPOLITAN CASUALTY
INSURANCE COMPANY OF NEW YORK.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 2d—decided February 6th, 1934.

*M. Joseph Blumenfeld,* for the appellant (defendant).

*Bernard E. Dubin,* with whom, on the brief, was *Joseph E. Klau,* for the appellee (plaintiff).

HINMAN, J. The complaint alleged and the trial court found in substance that the plaintiff recovered a judgment for $250 and costs against Edwin S. Friedman and Lawrence D. Friedman of Springfield, Massachusetts, for damages for personal injuries sustained on April 18th, 1932, in Hartford, by reason of negligent operation of a motor vehicle owned by Lawrence and driven by Edwin, liability for which was insured against under a policy issued by the present defendant. The defendant alleged as a special defense that the condition of the policy regarding notice to the insurer of accident covered by it was not complied with. The facts relevant to this issue as stated in the finding are as follows: The plaintiff is a boy aged six years. At the time of the accident Edwin S. Friedman, the driver, took the plaintiff to his home where no personal injuries were apparent and his mother stated that the boy was not hurt and did not give her name or that of the boy although requested to do so. Edwin, believing no injuries to have been suffered, did not inform his brother Lawrence of the accident until April 26th, on which date he filed a written report of the accident with the Connecticut motor vehicle department at the request of that department. On May 3d the plaintiff's attorney

wrote to Lawrence concerning a claim for damages on account of injuries and on May 10th Lawrence, through Edwin, filed written notice of the accident and claim with the agent of the defendant. Shortly thereafter the defendant through its adjusters began an investigation and was not prejudiced by the delay. On June 22d the defendant notified the assured that it disclaimed liability because of noncompliance with the condition of the policy regarding notice, entered no appearance in the action afterward brought against the Friedmans and did not defend it.

Upon these facts the trial court reached a conclusion that the insured did not fail to comply with Condition III of the policy concerning notice of the accident to the insurer, which reads as follows: "Upon the occurrence of death or personal injuries or any accident covered by this policy, the assured shall as soon as practicable after learning thereof, give written notice with full particulars to the company or its duly authorized agent. The assured shall give like notice of any claim made on account of any such occurrence. . . ." Most of the policy provisions which have been involved in the cases concerning compliance therewith have specified "immediate notice," "prompt notice" or the like, and these terms have usually been construed as meaning and requiring that the notice be given within a reasonable time, under the circumstances of the case, after the assured learns of an accident resulting in injuries within the coverage of the policy. *Chapin* v. *Ocean A. & G. Corporation,* 96 Neb. 213, 147 N. W. 465, 52 L. R. A. (N. S.) 227; *National Paper Box Co.* v. *Aetna Life Ins. Co.,* 170 Mo. App. 361, 368, 156 S. W. 740; 6 A. L. R. 384; 76 A. L. R. 25, 53, 177; 14 R. C. L. p. 1329. Certainly these words should not be construed to require more than that notice be given with reasonable promptness

in view of the circumstances and the purpose intended to be served by the notice. *Fidelity & Deposit Co.* v. *Courtney,* 186 U. S. 342, 347, 22 Sup. Ct. 833; *Haskell* v. *Eagle Indemnity Co.,* 108 Conn. 652, 656, 144 Atl. 298. The provision in the present instance for notice "as soon as practicable" is to be construed as at least as liberal a requirement of notice as "immediately" or "forthwith" and as being here used in the sense of "as soon as can reasonably be expected under the circumstances." *Norton* v. *Gleason,* 61 Vt. 474, 18 Atl. 45; 6 Words & Phrases (1st Series) p. 5483.

Also, the duty to give notice does not attach in the case of a trivial accident where there is no reasonable ground for believing at the time that it involves any injury insured against. "It is evident that it cannot have been the intention of the parties that such an accident . . . occurring without bodily injury to anyone should be reported, since with such an occurrence defendant has no concern. . . . If no apparent injury occurred from the mishap, and there was no reasonable ground for believing at the time that bodily injury would result . . . there was no duty upon the assured to notify the insurer." *Chapin* v. *Ocean A. & G. Corporation, supra,* p. 217. The duty to give notice does not arise unless and until facts develop which would suggest to a person of ordinary and reasonable prudence that liability may have been incurred, and is complied with if notice is given within a reasonable time after the situation so assumes an aspect suggestive of a possible claim for damages. 7 Couch, Insurance, p. 5468; 7 Cooley, Briefs on Insurance, p. 5921; *Melcher* v. *Ocean A. & G. Corporation,* 226 N. Y. 51, 123 N. E. 81; note, 76 A. L. R. 105. The determinative question is whether the facts known to the assured would require a person of ordinary and reasonable prudence to believe that liability

because of injury may arise, and he is entitled to have all of the facts and attendant circumstances considered. *George* v. *Aetna C. & S. Co.,* 121 Neb. 647, 653, 238 N. W. 36, 38; *Farrell* v. *Nebraska Indemnity Co.,* 183 Minn. 65, 68, 235 N. W. 612; *McKenna* v. *International Indemnity Co.,* 125 Wash. 28, 33, 215 Pac. 66.

To illustrate: In the *Chapin* case, *supra,* which involved a policy provision that "the assured, upon the occurrence of an accident, shall give immediate written notice thereof," the fender of assured's automobile, driven by his employee, struck one Lewis, who was riding a bicycle, throwing him to the pavement. The assured interviewed Lewis and was told by him that he was not hurt. Relying on this statement he did not notify the defendant insurer of the collision. Nearly a year afterward he was advised that Lewis was suffering from a species of paralysis which the latter then claimed was traceable to the fall, and he then notified the defendant. The court said, p. 218 of 96 Neb.: "If he [Lewis] had received no injury, or if the accident would not in an ordinary mind induce a reasonable belief that it might result in bodily injury, there was no obligation to notify the insurance company. . . . We cannot say as a matter of law that the conditions attending the accident were such as to bring it within the class of which it was his duty to give notice, or that the notice he did give was not given within a reasonable time, considering all the circumstances of the case."

In the *Melcher* case, *supra,* one Didier received a slight blow on the posterior from an elevator in plaintiff's building; the superintendent asked him if he had been hurt, to which Didier replied in the negative and the superintendent did not report the accident. Over three months later the plaintiff received a letter from a lawyer stating that Didier's spine had been

injured when the elevator struck him and the letter was delivered to the defendant insurer. The court submitted to the jury the question whether the plaintiff had complied with the policy provision for immediate written notice and charged that if they found from all the evidence that the superintendent had no reason to believe that there was any injury he "would be justified in not sending notice to the company because there was neither a claim of injury made nor any condition existing which would warrant a reasonable mind in believing that there was any injury." This instruction was held to be as favorable to the defendant as it was entitled to. *Haas Tobacco Co.* v. *American Fidelity Co.*, 226 N. Y. 343, 123 N. E. 755, in which an automobile of the plaintiff struck a boy and knocked him down, was distinguished from the *Melcher* case, *supra*, in that the driver made no investigation and there was no assurance that the person struck was uninjured, and the plaintiff, in failing to give notice, relied wholly upon the driver's opinion that the accident was trivial, an opinion which subsequent events showed was mistaken. It was held that "the insured may not, without any investigation whatever, rely solely upon his own opinion or upon the opinion of his driver that because [the boy] went away the injury was too trivial to require attention."

The reasons and necessity for the policy requirement of notice and for compliance with it as reasonably construed and applied are apparent. Injury, however slight, received from an accident within the coverage of a liability policy may, and experience indicates, probably will, result in a claim for damages and, if it be resisted, often in litigation seeking to recover them. The opportunity for seasonable investigation afforded by prompt notice is important for the insurer's protection against fraudulent claims and

those which, although made in good faith, are not valid. *Hatch* v. *United States Casualty Co.*, 197 Mass. 101, 105, 83 N. E. 398. But circumstances may be such as to explain or excuse delay in giving notice and show it to be reasonable. *Rushing* v. *Commercial Casualty Ins. Co.*, 251 N. Y. 302, 167 N. E. 450. When the facts are undisputed and one conclusion only is reasonably possible, the question of compliance with a provision for notice is one of law; otherwise it is a question of fact. *Loomis* v. *Norman Printers Supply Co.*, 81 Conn. 343, 347, 71 Atl. 358; *Fidelity & Deposit Co.* v. *Courtney, supra;* 14 R. C. L. p. 1329; 7 A. L. R. 187; 76 A. L. R. 61.

In the present case, it appears that the boy who was struck by the plaintiff's automobile was only six years of age; the driver took him home and no injuries were apparent; the mother informed him that the boy was not hurt and declined to give his name or her own. The driver might well be held justified in believing, as it is found that he did, that no injury had been sustained and that there was no occasion for informing his brother, the owner, or for giving notice to the insurer. Nor, so far as appears, did the subsequent request from the motor vehicle department for a report of the accident have significance which should have induced a belief that liability for injury was or might be involved. Therefore it appears that the situation first assumed an aspect giving rise to a duty to give the insurer notice when the assured received the letter on May 3d, 1932, from plaintiff's attorney claiming damages on account of injuries received in the accident. Under all the circumstances it was a question of fact for the trial court whether the filing of notice on May 10th with the defendant's agent sufficiently conformed to the policy requirement and we are not warranted in holding, as a matter of law,

that the conclusion that notice was given as soon as practicable and that, therefore, the assured did not fail to comply with Condition III of the policy, was inadmissible or unjustified.

As that conclusion is sufficient to sustain the judgment appealed from, it is unnecessary to discuss the assignments addressed to the further conclusions that the defense of failure to comply with the condition as to notice is not available because of another provision of the policy; at least, to recovery by a judgment creditor proceeding under certain Massachusetts statutes, also that the defendant company was not prejudiced by the delay in giving the notice.

There is no error.

In this opinion the other judges concurred.