THE CARROLL COMPANY *vs.* NEW AMSTERDAM CASUALTY COMPANY.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, JS.

Argued May 12th—decided June 10th, 1936.

*Bertrand B. Salzman,* with whom was *Elliott R. Katz,* for the appellant (plaintiff).

*Samuel E. Hoyt*, with whom was *Spencer S. Hoyt*, for the appellee (defendant).

BANKS, J. The plaintiff operates stores selling cosmetics and kindred articles, and was insured in a policy issued by the defendant against liability for injury to persons upon the premises of a store operated by it in Rochester, New York. On December 12th, 1931, while the manager of that store was demonstrating to a customer a bottle of hair dye, the cork of the bottle was ejected and struck the customer on or about the eye. Subsequently the customer brought suit against this plaintiff to recover for the injury to her eye and recovered a judgment which this plaintiff has paid, and it brings this action to recover the amount of the same from this defendant. The policy issued by the defendant contained the following provision: "The assured shall give immediate written notice of any accident, and like notice of any claim or suit resulting therefrom, together with every summons or other process, to the executive office of the company at Baltimore, Maryland, or to its authorized representative." The defendant in its answer alleged that the plaintiff had not complied with this requirement of the policy.

The plaintiff claimed to have proved that immediately after the accident the customer consulted an optometrist who advised her that there was some slight irritation which he thought would clear up; that three days later, at her request, the manager of the store called an eye specialist whom she consulted and who reported to the manager that there was no injury; that the manager relied upon the information given him by the optometrist and the eye specialist and received no further notice of any injury until February 29th, 1932, when the customer appeared at the store and told him that she was having difficulty with her

eye; and that he then filled out and caused to be signed by the customer a notice and report of accident on a blank furnished by the defendant and handed it to an adjuster of the defendant.

The defendant claimed to have proved that the eye specialist examined the customer's eye on December 15th, and again on December 31st, and found and reported to her a contusion of the retina and a blurring of vision; that he reported to the plaintiff's manager that the eye was injured; that within a week after the accident the customer reported to the manager that something was wrong with her eye and that she could not see out of it; and that no notice of the accident was given to the defendant prior to March 1st, 1932.

The plaintiff assigns error in the charge of the court and its failure to charge as requested. The plaintiff requested the court to charge that if the jury found that the accident appeared to the plaintiff to be trivial, and that it had reasonable ground for such belief, and that it was not discovered to be serious until February 29th or March 1st, and that it then gave the defendant's representative a report of the accident, such report would constitute the notice required by the policy and the verdict should be for the plaintiff. The charge of the court sufficiently complied with this request. It told the jury that the duty to give a notice does not arise in the case of a trivial accident when there is no reasonable ground for believing at the time that it involves any injury insured against, that the duty is complied with if notice is given within a reasonable time after the situation assumes an aspect suggestive of a possible claim for damage, and that the determinative question is whether the facts known to the assured would require a person of ordinary and reasonable prudence to believe that liability because of injury may arise. This was substantially in the

language of the opinion in *Baker* v. *Metropolitan Casualty Ins. Co.*, 118 Conn. 147, 150, 171 Atl. 7.

The court then charged as follows: "If the assured, by its officers or employees, assumes the responsibility of deciding as to whether or not the injury is trivial, and the circumstances are such that a reasonably prudent person would believe that an injury had occurred and as a result of such injury liability may have been incurred, and it having decided that it was trivial and that notice should not be given, and in so doing it made a mistake, it then assumes the responsibility of the injury and the liability therefor, and under such circumstances it cannot recover from its insurer if it later turns out that liability as a result of the injury did occur." The plaintiff complains of this portion of the charge as misleading and contrary to the law because, as it says, it holds that if the assured decides that the injury is trivial and no notice required, but it later turns out that in so deciding it was mistaken, and liability did occur, it has assumed the responsibility for the injury and cannot recover. This criticism fails to take note of, and give weight to, the statement in the charge that the assumption of responsibility by the assured through failure to give notice arises only when "the circumstances are such that a reasonably prudent person would believe that an injury had occurred and as a result of such injury liability may have been incurred." As thus limited the charge was in accord with the statement of the rule in the *Baker* case.

The court charged that the opportunity for seasonable investigation afforded by prompt notice was important for the insurer's protection against fraudulent claims and claims which although made in good faith are not valid, that one of the purposes to be served by the notice was to give the insured such

opportunity, but that circumstances might be such as to explain or excuse delay in giving the notice. This again was largely in the language of the opinion in the *Baker* case, but plaintiff claims that it was erroneous in that it failed to state that in the present case there was no damage or prejudice to the defendant since it was not claimed by the defendant that the claim for damages was fraudulent or not made in good faith or not valid, or that the defendant did not have a reasonable opportunity to investigate it. Whether or not the defendant was prejudiced by the delay in giving notice was not an issue in the case, the plaintiff did not request the court to charge that it must show prejudice, and the court did not err in failure to so charge.

The defendant wrote the plaintiff on March 14th, 1932, that in view of the delayed notice of the accident it was in no position at that time to assume the case as covered by its policy. The plaintiff assigns error in the failure of the court to charge that by this letter the defendant waived all its defenses except that of delayed notice. The plaintiff filed no request to charge upon this point and in the absence of such request the court was not bound to charge with regard to it.

The court charged that the notice of the accident required under the policy was a notice by the insured and in writing. The notice which the plaintiff claimed to have given was a report upon a blank furnished by the defendant which was signed by the person who was injured. The plaintiff says that the charge was so worded that the jury must conclude that unless the notice was actually written and signed by the insured it would not be effective. Nothing in the record indicates that the defendant made any claim that a notice written and signed by the injured party and delivered by the plaintiff to and accepted by the representative

of the defendant would not constitute a sufficient compliance with the requirement of a written notice by the insured. The issue of fact tried was whether at the time claimed the defendant's representative received anything more than an oral notice. The charge as it appears in the record contains an incomplete sentence the meaning of which is not entirely clear, but reading it in the light of the issues upon which the case was evidently tried, we cannot believe the jury gave to it the construction which the plaintiff suggests in this assignment of error.

The plaintiff has no cause to complain of the charge upon the question of the burden of proof, which placed the burden upon the plaintiff to prove the material allegations of its complaint and upon the defendant to prove the affirmative allegations of its answer. Other criticisms of the charge, including those that it did not fairly state the plaintiff's claims and that in general it was inadequate for the guidance of the jury, do not merit discussion.

There is no error.

In this opinion the other judges concurred.