PREFERRED ACC. INS. CO. OF NEW YORK v. CASTELLANO et al.

No. 261.

Circuit Court of Appeals, Second Circuit.

April 24, 1945.

M. J. Blumenfeld, of Hartford, Conn., for plaintiff-appellee.

Frank T. Healey and Walter E. Monagan, both of Waterbury, Conn., for defendants-appellants.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■ 1. This case discloses an actual case or controversy within the Declaratory Judgment Act, 28 U.S.C.A. § 400. See Maryland Casualty Co. v. Pacific Coal and Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826.

■ 2. The policy is expressly made "subject to the * * * conditions * * * of this policy." One of its "conditions" reads, "When an accident occurs, written notice shall be given by or on behalf of the insured to the company, or one of its authorized agents, as soon as practicable." The letter of March 25, 1943 from Miss Chapman's lawyer advised the laundry company of the details of the accident and that Miss Chapman had been seriously and permanently injured. Not until May 7, six weeks later, did the laundry company give any notice to plaintiff. The laundry company thus clearly failed to comply with an explicit condition precedent.

■ Defendants, however, pointing to the fact that the insurance company here made no affirmative showing that this noncompliance caused it actual prejudice, assert that, absent such a showing, the noncompliance is no defense to an action on the policy. We cannot agree. The usual rule is otherwise; see Coleman v. New Amsterdam Casualty Co., 247 N.Y. 271, 276, 277, 160 N.E. 367, 72 A.L.R. 1443. In Curran v. Connecticut Indemnity Co., 127 Conn. 692, 20 A.2d 87, 89, the court, citing Coleman v. New Amsterdam Casualty Co., said, "In determining whether a condition to co-operate has been broken, we are dealing with contract rights, and if there has been a breach, prejudice need not appear." The condition was not the same as that involved here, but we think that distinction immaterial. To be sure, in other cases, the Connecticut court has said that notice need not be given when the accident is trivial and there is no reasonable ground for believing at the time that it involves any injury insured against. Baker v. Metropolitan Casualty Co., 118 Conn. 147, 171 A. 7; Rochon v. Preferred Accident Insurance Co., 118 Conn. 190, 171 A. 429. This would perhaps excuse the failure of the company to give notice to the insurance company at the time of the accident. But certainly the insured had reasonable ground for believing at the time of the receipt of the letter from Miss Chapman's lawyer that the injury was serious enough to warrant notice to the insurance company. A comment, by way of dictum, which perhaps squints in favor of defendant's contention is found in Carroll Co. v. New

Amsterdam Casualty Co., 121 Conn. 486, 185 A. 579, 581; but we think that the later Curran case, supra, erased that dictum.

Since defendants lose on this point, we need not consider whether the policy covered the kind of accident which here occurred.

Affirmed.