SALLY SILVER *v.* INDEMNITY INSURANCE COMPANY OF NORTH AMERICA

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, JS.

Argued December 7, 1950—decided February 20, 1951

*Donald F. Keefe,* with whom, on the brief, was *Morris Tyler,* for the appellant (defendant).

*David M. Reilly,* with whom was *David M. Reilly, Jr.,* for the appellee (plaintiff).

BROWN, C. J. The plaintiff brought this action, upon a policy of public liability insurance issued by the defendant, to recover the amount of a judgment which she was compelled to pay to a person injured by a fall in her store. Judgment was rendered upon the verdict for the plaintiff. The defendant has appealed from the court's denial of its motion to set aside the verdict and from the judgment.

The plaintiff owned a store in New Haven where she sold ladies' clothing at retail. On September 1, 1946, the defendant issued a policy insuring her against loss from liability imposed by law for damages on account of injuries suffered by any person in the store arising out of the conduct of the business. The policy provided that the defendant would defend any suit brought against the plaintiff to recover for such injuries and that it would pay any judgment and costs in such an action up to $15,000. On September 10, 1946, while the policy was in force, Mary E. Gillis, who was lawfully in the store, fell at a place where there was a step between floor levels. The plaintiff's husband, who was in charge of the store at the time, saw Mrs. Gillis fall and assisted her to a chair. Shortly after, two visiting salesmen who had meantime come in carried her in the chair out to her daughter's car. The first notice that the plaintiff had of any claim for injury arising out of the accident, or of the name or address of the person who had fallen, was in March, 1947, on the receipt of a letter from an attorney stating that Mrs. Gillis had received a fractured hip as a result of the fall. The plaintiff turned this letter over to the defendant, which instituted an investigation under a reservation of rights. It terminated this on April 23, 1947, by a disclaimer of coverage. Subsequently, Mrs. Gillis brought suit against the plaintiff, who forwarded the writ and complaint to the defendant. It refused

to defend. The plaintiff was accordingly obliged to employ her own counsel for this purpose. On June 8, 1948, Mrs. Gillis recovered judgment against the plaintiff for $2750 plus $91.75 costs. Condition B of the policy provides: "When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable." These facts, contained in the plaintiff's claims of proof, are undisputed.

The principal question to be decided, is: Did the court err in sustaining and allowing the jury's determination as a question of fact that the plaintiff gave notice to the defendant "as soon as practicable" after the accident, as required by the policy? The controlling principles of law are clearly set forth, with citation of abundant supporting authority, in our opinion in *Baker* v. *Metropolitan Casualty Ins. Co.,* 118 Conn. 147, 171 A. 7. In that case, the policy condition as to notice included the identical wording "as soon as practicable." As we there stated (p. 150), these words mean "as soon as can reasonably be expected under the circumstances." We then declared and discussed the general rule as follows: "The duty to give notice does not arise unless and until facts develop which would suggest to a person of ordinary and reasonable prudence that liability may have been incurred, and is complied with if notice is given within a reasonable time after the situation so assumes an aspect suggestive of a possible claim for damages. . . . The determinative question is whether the facts known to the assured would require a person of ordinary and reasonable prudence to believe that liability because of injury may arise, and he is entitled to have all of the facts and attendant circumstances considered." After stating that "circumstances may be such as to explain or excuse delay in giving notice and show it to be rea-

sonable," we concluded (p. 153): "When the facts are undisputed and one conclusion only is reasonably possible, the question of compliance with a provision for notice is one of law; otherwise it is a question of fact."

Whether the court erred in denying the defendant's motion to set aside the verdict depends upon the application of these principles to the evidence. Interpreting this most favorably for the plaintiff, as we must in this connection, the jury could properly have found these further facts bearing upon the plaintiff's duty as to notice: Mrs. Gillis came into the store with her daughter, who entered a booth to try on a garment and left her mother standing on the upper level, which was one step above the lower portion. Mrs. Gillis appeared to be a woman about seventy years old, weighing in the neighborhood of 100 pounds. She turned, stepped off the step, and fell, landing on her buttocks in a sitting posture on the floor at the lower level. After being helped to a chair, she first said she was hurt and had broken her hip and then stated that she was not hurt and was all right. Her daughter, coming out of the booth, said to her, "I know I shouldn't have left you alone." Mrs. Gillis told her to continue trying on dresses, but she did not. The plaintiff's husband offered to get a doctor, but Mrs. Gillis declined. After three or four minutes, her daughter went out and got her car. Shortly after, the chair with Mrs. Gillis in it was carried out and set down on the sidewalk. She then got to her feet and with some assistance entered the car. Both women seemed embarrassed and anxious to get away. Neither gave her name or address, and the plaintiff's husband did not ask for their names or note the number of the automobile registration. No sign or mark of injury was visible upon Mrs. Gillis, and the plaintiff and her husband had no idea that she was

hurt badly in any way. Prior to the receipt of the letter from Mrs. Gillis' attorney in March, 1947, the plaintiff had no intimation that a claim was to be made. It is undisputed that the plaintiff is charged with knowledge of the circumstances through her husband as her agent.

We cannot say that upon these facts the only conclusion possible was that the plaintiff as a person of reasonable prudence must have believed that liability might arise because of injury to Mrs. Gillis and therefore that earlier notice to the defendant than was given was essential to liability under the policy. See *McKenna* v. *International Indemnity Co.*, 125 Wash. 28, 35, 215 P. 66; *George* v. *Aetna Casualty & Surety Co.*, 121 Neb. 647, 657, 238 N. W. 36; *Melcher* v. *Ocean Accident & Guarantee Corporation*, 226 N. Y. 51, 56, 123 N. E. 81; *Chapin* v. *Ocean Accident & Guarantee Corporation*, 96 Neb. 213, 218, 147 N. W. 465; *Southern Surety Co.* v. *Heyburn*, 234 Ky. 739, 744, 29 S. W. 2d 6. As these cases well demonstrate, what appears at the time to be a relatively trivial accident may later eventuate in a serious injury which affords the basis for a substantial claim. That this is so does not establish per se, however, that there was an obligation upon the assured to give notice at the time the accident occurred. As is pointed out in *Baker* v. *Metropolitan Casualty Ins. Co.*, 118 Conn. 147, 150, 171 A. 7, this duty "does not attach in the case of a trivial accident where there is no reasonable ground for believing at the time that it involves any injury insured against." The court did not err in denying the defendant's motion to set aside the verdict.

In a very succinct charge, the court told the jury that the vital question of fact, which they had to decide, was whether the plaintiff had complied with the condition precedent in the policy which required notice in

writing as soon as practicable after the accident. It then stated the conflicting claims of the parties upon this issue and the controlling principles of law. The defendant contends that the "court erred in charging that there was no duty to give notice unless there were a reasonable probability of a claim being made, and in failing to charge that if there were apparent injury resulting from the accident, a duty to give notice existed." The instructions given are not open to this criticism. They included the test of the plaintiff's duty as to notice as defined in the language quoted above from the *Baker* case. Under it, the fact of "apparent injury resulting from the accident" is only one of the factors entering into the determination whether in reason the assured should have recognized the probability that a claim would be made. The charge as given adequately and correctly presented to the jury the question of fact which it was incumbent upon them to decide.

The defendant claims that the court erred in denying its motion to expunge a paragraph of the original complaint which alleged, in effect, that after the notice given by the plaintiff in March, 1947, the defendant investigated the claim just as fully as if it had been notified in September, 1946, was afforded reasonable opportunity so to do, and was not prejudiced by any delay. A ground stated in the motion was that this was at most but "evidential matter in support of the plaintiff's general allegation . . . that she had fully complied with the terms of the policy." The facts alleged, as the motion suggests, were relevant upon the issue whether under all of the circumstances the notice which was given to the defendant had been given within a reasonable time. It cannot be held, therefore, that the court's denial of the motion constituted reversible error. *Burritt* v. *Lunny,* 90 Conn. 491, 495, 97 A. 756;

*Freeman's Appeal,* 71 Conn. 708, 714, 43 A. 185. The final claim of the defendant is that the court erred in refusing to grant its request to charge that, if the policy condition as to notice was not complied with, it could not be held liable and that whether the plaintiff's failure to give notice prejudiced the defendant was immaterial. The claim is without merit. The court charged the jury that there was only one question of fact for their consideration and that this was whether the plaintiff had complied with the clause of the policy requiring notice. It pointed out the right of the defendant to insist upon such compliance. The charge when read as a whole makes clear that the court reviewed the claims of the parties upon the evidence solely from the standpoint of whether the plaintiff had complied with the requirements of the condition, and not from the standpoint of whether the defendant was prejudiced by her failure to give the notice earlier.

There is no error.

In this opinion the other judges concurred.