Bertha Carpenter BOYER, Plaintiff-Appellee,

v.

AMERICAN CASUALTY COMPANY, Defendant-Appellant.

No. 423, Docket 28618.

United States Court of Appeals Second Circuit.

Submitted April 30, 1964.

Decided May 22, 1964.

Latham & Eastman, Burlington, Vt., for plaintiff-appellee.

A. Pearley Feen, Burlington, Vt., for defendant-appellant.

Before LUMBARD, Chief Judge, MOORE and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

This is an appeal from a declaratory judgment entered in the United States District Court for the District of Vermont, Ernest W. Gibson, District Judge, decreeing that an insurance policy issued by the defendant carrier covered the plaintiff for any liability arising from a falling ladder accident. The defendant had issued two insurance policies, a comprehensive automobile liability and a contractor's general liability, to the plaintiff, the owner of a trucking business. On July 2, 1960 the plaintiff's employees were moving some equipment from plaintiff's truck to the top floor of a building when, in a room to which the equipment was being delivered, a ladder, allegedly about ten feet from the plaintiff's nearest employee, fell, injuring one Jack Larry. Larry's lawyer promptly sent plaintiff a letter, informing her of the accident, and requesting that she turn the letter over to her insurer. Though she received several other notices from attorneys that the injured Larry was making a claim against her, she failed to notify the defendant until suit was actually filed, more than two years after the accident.

The policies required the insured to give written notice to the insurer of any accident "as soon as practicable." [1] The insurer, when finally notified of the old claim and the pending suit, assumed that it was being asked to defend on the contractor's liability policy, and it informed the plaintiff by letter of July 17, 1962 that it was proceeding to investigate, reserving its rights not to defend on the contractor's policy because of the long delay in notification. On July 19, 1962 the defendant secured from the plaintiff a non waiver agreement on "a policy of insurance" issued to the plaintiff by the defendant,[2] whereupon the defendant entered an appearance.

Judge Gibson found that the non waiver agreement applied only to the contractor's liability policy and not to the automobile liability policy. This finding was predicated on the singular reference in the non waiver agreement and the fact that the letter of July 17 referred only to the contractor's liability policy. He then proceeded to interpret the terms of the automobile liability policy to cover the falling ladder claim in the complaint. Finally, Judge Gibson concluded that the insurer had waived its rights to prompt notice by entering an appearance and continuing to investigate the accident. Assuming that this is a diversity action and that the court properly has jurisdiction, as alleged in the complaint, the governing law is Vermont's.

■ Under Vermont law, "the duty of the insurance carrier to defend a claim is measured by the allegations upon which the claim is stated." Commercial Insurance Co. of New Jersey v. Papandrea, 121 Vt. 386, 159 A.2d 333, 335 (1960); American Fidelity Co. v. Deerfield Valley Grain Co., 43 F.Supp. 841, 844 (D.C.Vt.1942). However, whether loading and unloading in a motor vehicle liability policy extends under Vermont law to delivery at a place somewhat remote from the vehicle is a question we find it unnecessary to reach.

■■ Vermont law is quite clear that the plaintiff's notice was untimely, breaching Condition 9 of the policy, Houran, Adm. v. Preferred Accident Insurance Co. of New York, 109 Vt. 273, 195 A. 253 (1937). We know of no exception in Vermont law for accidents about which an insured is specifically notified and requested to turn over to his insurer. The insurer has contracted to defend against groundless suits and is entitled to notice of a claim, be it good or bad. If the insured takes the position that it need not notify his insurer because the suit is so obviously frivolous in spite of the notice provision, he takes the risk of having to defend it himself unless the insurer waives the notice provision.

■ We come therefore to the question of waiver. We see no basis to find that the insurer has waived its right not to defend under either Condition 9 or 10.

1. CONDITIONS 9. Notice of Accident or Occurrence. When an accident or occurrence takes place, written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable * * *
CONDITIONS 10. Notice of Claim or Suit. If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

2. "NON WAIVER AGREEMENT
IT IS HEREBY STIPULATED AND AGREED by and between AMERICAN CASUALTY COMPANY and the undersigned, that any action taken by the said AMERICAN CAS-UALTY COMPANY, or its representatives, in the investigation of an accident which occurred on or about the 2nd day of July, 1960, in a building of the FOREST HILLS FACTORY OUTLET in Winooski, Vermont, when allegedly a ladder was caused to fall upon one JACK LARRY, or in the defense of any action or proceeding arising out of said accident, shall not waive or invalidate any condition of a policy of insurance issued by the said AMERICAN CASUALTY COMPANY to the undersigned, nor shall any such investigation or defense be construed as an admission of liability on the part of said AMERICAN CASUALTY COMPANY under said policy of insurance or as a waiver of any right it may have thereunder."

A finding of waiver requires evidence of an intent to relinquish a known right, and there is no such evidence here. If an insurance carrier, with knowledge of the facts and no effective reservation of its rights under the policy, takes charge of and defends an action against the insured, it may not later deny its liability. See Beatty v. Employers' Liability Assurance Corp., 106 Vt. 25, 168 A. 919 (1933). Here the company took steps to protect its right, did not have possession of all the facts as it was just investigating the accident, and did not take an inconsistent position. Compare Mancini v. Thomas, 113 Vt. 322, 34 A.2d 105 (1943); Bardwell v. Commercial Union Assurance Co., 105 Vt. 106, 163 A. 633 (1933), for an indication of the conduct required for a finding of waiver. While the insurer may have believed that only the contractor's liability policy was involved, nothing indicates that it intended to waive any rights to notification of the accident. The non waiver agreement referred to no specific policy but to "a" policy and to the accident. We think this covered whichever policy or policies it was proceeding to defend under. The complaint in the negligence action properly is quite general in its allegations, claiming that Baker, the electrician, his employees, and Carpenter, the assured and her employees recklessly and negligently caused a ladder to fall on the plaintiff. The assured was delivering electrical fixtures, Baker installing them. Details of the assured's alleged negligence, which would indicate under which policy appellant would be obligated to defend, were lacking. But the notice provisions of both had the same purpose, and were similarly breached. No reasonable probability appears that the insurer was voluntarily relinquishing its rights on one policy, but not the other. The court's construction of the non waiver agreement and the letter of July 17 to the insurer by the defendant appears to us untenable.

While policy provisions, where meaning is doubtful, are, of course, to be interpreted against a compensated insurer which has drafted the provisions, we find no serious ambiguity in the notice provisions here. Compare American Fidelity Co. v. Deerfield Valley Grain Co., supra. These requirements are reasonable, for the proper purpose of enabling prompt investigation by the insurer and preservation of evidence, a purpose which may have been frustrated here by the death before the insurer received notice of the suit of a potential witness, the electrician also charged by the injured party with responsibility for the ladder. In these circumstances there is no inequity in requiring adherence to the notice provisions. Judgment reversed, and case remanded for entry of appropriate judgment for appellant.