Joseph FRANCIS, Plaintiff-Appellee,

v.

MARYLAND CASUALTY COMPANY, Defendant-Appellant.

No. 88, Docket 31282.

United States Court of Appeals Second Circuit.

Argued Oct. 11, 1967.

Decided Nov. 21, 1967.

Lumbard, Chief Judge, dissented.

Vincent J. Giedraitis, Hartford, Conn. (William J. Luby, Hartford, Conn., on the brief), for plaintiff-appellee.

Robert Y. Pelgrift, Hartford, Conn., for defendant-appellant.

Before LUMBARD, Chief Judge, and SMITH and FEINBERG, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

Plaintiff, insured under a garage liability policy, brought action against the insurer for costs and expenses to date of defense of personal injury action and a declaration of duty of the insurer to provide defense against further prosecution of the claim. From judgment for the plaintiff in the United States District Court for the District of Connecticut, Ernest W. Gibson, Judge, after the jury on special interrogatories found that the notice provisions of the policy had been complied with and that the policy covered the accident, defendant appeals. We find no error and affirm the judgment.

Plaintiff, owner of a garage and motor vehicle junk yard, in the Marion section of Southington, Connecticut, had for some years carried liability insurance with the defendant. A one-year policy became effective May 18, 1952. In 1952 he purchased a truck with tank body and an old road grader for $250 and brought them to his yard. He later put his dealer's plates on the grader and drove it some two miles up Southington (sometimes called Waterbury) Mountain to beach property he owned on the shore of Shell Hitchcock's Lake in Wolcott, for the dual purpose of grading the property and demonstrating the grader to prospective buyers.

While the grader was in use grading the beach property a gear broke, rendering the blade raising mechanism inoperable on one side. Francis dropped the blade to the ground, imbedding it as far as possible, drained the gas tank and left the grader in place at the beach property while he canvassed used car yards in the area for parts for its repair. In August 1952, while Francis was absent in Boston, a 13-year-old boy, one John Worden, was injured when a group of his playmates managed to start the grader. Worden was taken to the hospital. On Francis' return from Boston the next day he talked with Worden's father, a tenant at Francis' beach property, and was told that the injury was the boy's own fault and that there would be no claim made against Francis. No

notice was given by Francis to the insurer until April 1953, when, upon being served with papers in a suit claiming $125,000 damages, Francis promptly delivered them to the insurer's agent. The agent advised the insurer's claim manager, who ordered attorneys to enter an appearance promptly on behalf of Francis. Appearance was entered May 6, but after investigation the insurer on May 12, 1953 wrote Francis a disclaimer of liability and refused to defend, instructing counsel to withdraw from the case.[1] Counsel moved to withdraw on May 16, notifying Francis to obtain other counsel, which he did. The case was tried twice, resulting in verdicts against Francis in amounts of $37,000 and $28,000, both of which were set aside on appeal for trial errors. The claim is still pending in the courts of Connecticut. Counsel fees and expenses were incurred by Francis in the amount of $6200 and $3400.

The court submitted to the jury the following two interrogatories, which the jury answered in the affirmative:

A. Do you find that the policy issued by the defendant Maryland Casualty Company did in fact cover the accident in which John Worden was injured and which accident resulted in the suit brought in the State Court against Mr. Francis?

B. If you find "Yes," did the plaintiff, Mr. Francis, give the defendant, Maryland Casualty Company, written notice of the accident within a practical time?

Judgment was entered requiring defendant to assume the defense of the pending personal injury negligence case, and to pay the $6200 and $3400 attorneys' fees and expenses already incurred in the defense of the action, and defendant appealed.

[1] Defendant-appellant contends that the court should have ruled as a matter of law that the notice provisions of the policy[2] had not been complied with, and that the grader was not covered by the policy at the time of the injury because not then being used as a part of the garage business operation. The latter ground is clearly not well taken, for there was testimony that the use of the grader was partly for demonstration purposes looking toward its sale, and the policy in any case covered use for nonbusiness purposes if used principally in the defined operations. There was at least a jury question, which was resolved against defendant. No objection was made to the charge on coverage.

The principal question on the appeal is whether the notice was given as soon as "practicable." (The court in the instructions and interrogatories used the word "practical" rather than "practicable" but gave an instruction correcting this when requested.)

[2] Connecticut law controls here, and the Connecticut cases indicate that its courts would find that a jury question exists. Connecticut excuses delay in notice if a reasonably prudent person would

---

1. In view of our conclusion on the merits, we find it unnecessary to determine whether defendant's instructions to counsel to enter an appearance for Francis waived, as a matter of law, its defense on lack of notice, whether that question should have gone to the jury, or whether the waiver question has been preserved for our review on this record.

2. CONDITIONS NINE (NOTICE OF ACCIDENT) AND TEN (NOTICE OF CLAIM OR SUIT) FROM MARYLAND CASUALTY CO., GARAGE LIABILITY POLICY NO. 17–057503 (PLTF'S EXH. 1)
   9. Notice of Accident. When an accident occurs written notice shall be given

by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.

   10. Notice of Claim or Suit.
      Coverages A, B and D

   If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

not believe either that an injury had been suffered or that as a result thereof liability may have been incurred. Carroll Co. v. New Amsterdam Cas. Co., 121 Conn. 486, 185 A. 579, 580 (1936); Silver v. Indemnity Insurance Co. of No. America, 137 Conn. 525, 79 A.2d 355 (1951); Baker v. Metropolitan Casualty Ins. Co., 118 Conn. 147, 171 A. 7 (1934). Taking Francis' testimony in the best light in which the jury could have placed it, as we must, he had the assurance of the boy's father made "right in front of the neighbors" that the accident was solely the boy's fault and that no claim would be made. "It was the kid's fault * * * he would never bring suit." Moreover, Francis saw the boy "jumping off the rooves of people's houses" in the ensuing eight months, before suit was brought. That was enough to go to the jury, which is the judge of reasonableness. The fact of apparent injury is only one of the factors to be considered. *Silver*, supra. It was for the jury to determine whether under all the circumstances Francis was reasonable in believing that no claim would be made. The charge to the jury sufficiently defined the question to be decided.

Appellant relies heavily on Preferred Accident Ins. Co. of N. Y. v. Castellano, 148 F.2d 761 (2 Cir. 1945), and Boyer v. American Casualty Co., 332 F.2d 708 (2 Cir. 1964). These cases are clearly distinguishable. In *Castellano*, there was a three month, nine day delay from the accident to receipt of a lawyer's letter by the insured and on the day of the accident the injured person went to a hospital. (In fact, Castellano followed the ambulance to the hospital.) This court, apparently applying Connecticut law, paid no attention to this delay but focussed instead on the delay of six weeks from receipt of an attorney's letter by the insured until notice to the insurer. The case is therefore distinguishable because appellee here did notify the insurer promptly after a claim was made. Similarly, in *Boyer*, the insured failed to turn over a lawyer's letter received right after the accident.

We conclude that the issues of coverage and notice as soon as practicable were properly for the jury and correctly submitted to it. Judgment affirmed.

LUMBARD, Chief Judge (dissenting).

The insurance policy provided that "[w]hen an accident occurs written notice shall be given * * * as soon as practicable." The test under the Connecticut cases is whether "in reason the assured should have recognized the probability that a claim would be made." Silver v. Indemnity Ins. Co. of No. America, 137 Conn. 525, 531, 79 A.2d 358 (1951). If there was a probability that a claim would be made, then prompt notice should have been given. Here Francis learned the day after the accident that the Worden boy had been seriously injured and that he had been taken to the hospital.

The father's denial of an intention to sue made immediately after the injury should not excuse the obligation to give notice. It is common experience that statements of intention made immediately after an injury are frequently forgotten and disregarded when later events indicate the possible advantages of a different course of action. Only if the requirement of the policy is enforced in situations such as this can the company protect itself against the difficulties and uncertainties of investigation and finding the facts long after the event when memories and impressions are often hopelessly colored by claims later asserted and the hope of benefits therefrom. The *Silver* case, supra, is wholly unlike this as there was considerable doubt concerning the extent of the injury and the injured woman was heard to say that she felt all right. It does not seem too much to require as a matter of law that the assured must notify the company after an accident in which someone is so seriously injured as to require hospitalization.

The issue of notice should not have gone to the jury. The court should have directed a verdict for the defendant.