CITY OF WEST HAVEN *v.* UNITED STATES
FIDELITY AND GUARANTY COMPANY

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued November 1, 1977—decision released March 14, 1978

*Henry W. O'Brien,* for the appellant (defendant).

*Charles H. Fischer, Jr.,* assistant corporation counsel, with whom, on the brief, was *Robert E. Reilly,* corporation counsel, for the appellee (plaintiff).

SPEZIALE, J. The defendant, United States Fidelity & Guaranty Company (hereinafter USF&G), has appealed from a judgment holding it liable to the city of West Haven in the amount of $20,000. The city claimed the sum as indemnification for payments made to satisfy a judgment against it by Fred Annunziata, who was injured on city property while the city was insured under a liability insurance policy issued by the defendant. The defendant disclaimed liability on the ground that the city had failed to comply with certain conditions precedent set forth in the policy. On appeal, USF&G contends that these conditions were not met and that the trial court therefore erred in finding it liable to the plaintiff.

The underlying facts are not in dispute. The plaintiff, the city of West Haven, was insured under a liability policy issued by USF&G from July 1, 1965, to July 1, 1966. Paragraph 13 of the policy provided that no action would lie against the insurer unless, as a condition precedent, the insured fully complied with the terms of the policy, nor until the insured's obligation became finally determined either by judgment after actual trial or by written agreement of the insured, the claimant and the insurer. Paragraph 10 of the policy required that when an accident occurred, the insured would notify USF&G "as soon as practicable"; and paragraph 11 required the insured to forward "immediately"

every demand, notice, summons or other process received, in the event that any claim was made or suit brought against it.

On May 10, 1966, Fred Annunziata, an employee of United Illuminating Company, was injured in a pumping station owned by the plaintiff. In July, 1966, Jack Norton, superintendent of sewers for the city, became aware of the accident when two of his men reported that photographers were in the pumping station. Norton called United Illuminating and ascertained that Annunziata was an employee of that company. After this conversation, Norton took no further action regarding the accident.

On May 8, 1967, a writ, summons and complaint brought by Annunziata against the city was filed with the city clerk. At that time the city was insured under a liability policy issued by Travelers Insurance Company. The writ, summons and complaint was forwarded to Travelers by letter dated June 23, 1967; but Travelers, by letter dated June 30, 1967, informed the city's corporation counsel that its insurance coverage had not commenced until July 1, 1966, and suggested that the matter be referred to the city's previous insurance carrier. The appropriate papers were sent to USF&G on September 8, 1967. In October, 1967, USF&G notified the city that the Annunziata suit had been referred to its attorneys under strict reservation of rights, and in January, 1968, it advised the city that it would offer defense only and would not satisfy any ultimate judgment entered against the city. On April 20, 1971, a judgment was entered by stipulation in favor of Annunziata; the city was represented by counsel provided by USF&G, who was present when the judgment was rendered. The judgment was paid by the city on July 1, 1971.

The defendant contends on appeal that the city is not entitled to recover under the policy because it failed to comply with the conditions relating to notice of accident and notice of claim, and because the stipulated judgment did not satisfy the requirement of paragraph 13 that no action would lie against the company unless or until "the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."

The claim that the city failed to give notice of the accident "as soon as practicable" requires consideration of the question of whether Norton was an agent of the city authorized to receive notice of an accident, and whether his knowledge can therefore be imputed to the city. " 'It is the general rule, settled by an unbroken current of authority, that notice to, or knowledge of, an agent while acting within the scope of his authority and in reference to a matter over which his authority extends, is notice to, or knowledge of, the principal.' 2 Mechem on Agency (2d Ed.) § 1803." *Lane* v. *United Electric Light & Water Co.*, 88 Conn. 670, 674, 92 A. 430 (1914); *Reardon* v. *Mutual Life Ins. Co.*, 138 Conn. 510, 516, 86 A.2d 570 (1952). This assumes, however, that the agent is acting within the scope of his authority. If Norton were an agent of the city for the purpose of acquiring knowledge of accidents, with a concomitant duty to report such accidents to his principal, then his notice of the accident would clearly have been notice to the city. 3 Am. Jur. 2d, Agency, § 273. The burden of proving the scope of such agency was on USF&G, the party claiming that Norton's knowledge was imputed to the city. Id. § 348. Where the evidence is con-

flicting or where there are several reasonable inferences which can be drawn, the nature and extent of an agent's authority is a question of fact for the trier of facts. Id. § 360. In this case, the court, as the trier of facts, found that Norton was not an agent of the city authorized to receive or transmit notice of an accident. This conclusion must be permitted to stand because Norton's position as superintendent of sewers and the general duties inherent in that position do not form an adequate basis for holding as a matter of law that he was an agent for the purpose of receiving and communicating notice of accidents of this sort; see *Derby* v. *Connecticut Light & Power Co.,* 167 Conn. 136, 141–42, 355 A.2d 244 (1974); *Wade* v. *Bridgeport,* 109 Conn. 100, 109, 145 A. 644 (1929); and because there is no evidence presented either in the record or in the appendices to the briefs which would support the defendant's claim that Norton was so authorized.[1]

The trial court had ample grounds for determining that the information received by Norton did not constitute notice to the city and that the first notice the city had of the accident was on May 8, 1967, when the writ, summons and complaint was

[1] Even if USF&G had succeeded in proving that Norton was an agent for the purpose of receiving notice of an accident, there would be the further question of whether the injury was such that a duty to report would arise. "[T]he duty to give notice does not attach in the case of a trivial accident where there is no reasonable ground for believing at the time that it involves any injury insured against." *Baker* v. *Metropolitan Casualty Ins. Co.,* 118 Conn. 147, 150, 171 A. 7 (1934); *Silver* v. *Indemnity Ins. Co.,* 137 Conn. 525, 528, 79 A.2d 355 (1951). The only evidence before the trial court was that Norton had been informed that photographs were being taken in the pumping station, that he called United Illuminating and learned that Annunziata was an employee, and that he subsequently took no further action. Without more, it cannot be said as a matter of law that even a duly authorized agent would have been under a duty to report the incident. See *Silver* v. *Indemnity Ins. Co.,* supra, 528–29.

served upon the city clerk. The defendant's claim, therefore, that the city failed to comply with the condition requiring notice of an accident "as soon as practicable" cannot be sustained.

The defendant's next claim is that the city's four-month delay—May 8, 1967, to September 8, 1967—in forwarding the Annunziata writ, summons and complaint constituted a failure to comply with the condition requiring the insured to forward "immediately" every demand, notice, summons or other process. It should be noted that policy provisions employing terms such as "immediately" or "forthwith" are generally construed as requiring only that notice be given within a reasonable time, under the circumstances of the particular case. *Baker* v. *Metropolitan Casualty Ins. Co.*, supra, 149; annot., 18 A.L.R.2d 443, § 14. "[C]ircumstances may be such as to explain or excuse delay in giving notice and show it to be reasonable. . . . When the facts are undisputed and one conclusion only is reasonably possible, the question of compliance with a provision for notice is one of law; otherwise it is a question of fact." *Baker* v. *Metropolitan Casualty Ins. Co.*, supra, 153.

In this case, the court found as facts that, after the city learned of the accident when suit was filed with the city clerk on May 8, 1967, it inadvertently sent the writ, summons and complaint to Travelers Insurance Company by letter dated June 23, 1967; and, after receiving notice from Travelers, in a letter dated June 30, 1967, that the matter should be referred to the city's former insurance carrier, the city did not forward notice of the accident and suit to USF&G until September 8, 1967. On the basis of these facts, the court concluded that the

delay of four months was excusable and reasonable under the circumstances, and sufficient compliance with the "immediate notice" requirement of the policy. We disagree. A conclusion of the trial court will not be disturbed if it is one which could reasonably and logically be reached by the trier and if it is supported by the subordinate facts found. *Sanchione* v. *Sanchione,* 173 Conn. 397, 402, 378 A.2d 522 (1977); *Belford* v. *New Haven,* 170 Conn. 46, 55, 364 A.2d 194 (1975). Here, although the subordinate facts might arguably justify a conclusion that the delay from May 8, 1967, to early July, 1967, was excusable, the finding is void of any facts which would excuse the subsequent two-month delay before notice was sent to USF&G on September 8, 1967. Because the conclusion of the court is not supported by the subordinate facts found, it cannot stand.

We hold that, on the facts as found, the four-month delay in notifying USF&G of the accident and suit was neither excusable nor reasonable. This is dispositive of the case. It is, therefore, unnecessary for us to reach the defendant's final claims relating to the plaintiff's failure to satisfy the conditions set forth in paragraph 13 of the policy.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.