**David KANE and wife, Gertrude Kane**
**v.**
**ST. PAUL FIRE & MARINE INSUR-**
**ANCE CO.**
Civ. A. No. 3140.

United States District Court
W. D. Texas,
San Antonio Division.
Feb. 19, 1963.

John R. Locke, Jr., San Antonio, Tex., for plaintiffs.

George H. Spencer, San Antonio, Tex., for defendant.

SPEARS, Chief Judge.

This is a summary judgment case. Plaintiffs, who are residents of Texas, on or about August 20, 1957 purchased from defendant, an out-of-state corporation, a comprehensive dwelling insurance policy to insure their residence for a term of three years against "all risks of physical loss", except for certain exclusions, among which are the following:

"Loss by termites or other insects; deterioration; smoke from agricultural smudging or industrial operations; wet or dry rot; mold; mechanical breakdown; *settling; shrinkage or expansion in foundations, walls, floors or ceilings.*" (Emphasis added)

In their complaint, plaintiffs assert, among other things, that during the term of said policy they suffered damage to their residence in the sum of $15,000, because of cracks appearing in the walls of their home, which they believe were caused by "movement and shifting of the foundation", and that this was in turn caused by "overflow from the sewage lines * * * which were defective or became obstructed, thereby causing large quantities of water to be discharged" under their home, and "in and around the foundation thereto". Testimony to this effect is reflected in the deposition of the plaintiff, David Kane.

The defendant alleges, as one of its defenses, that "(T)he damages to plaintiffs' residence were from causes excluded under the terms and conditions of the policy in question", and contends in its motion for summary judgment that "the pleadings, deposition of the plaintiff, David Kane, and the provisions of (the) policy * * * establish that it is entitled to judgment as a matter of law".

Attached to Mr. Kane's deposition is an engineers' report furnished by the defendant, in which it is pointed out, in part, that:

"These cracks are both horizontal and vertical and are to the extent of approximately ⅜" wide. They are far wider than any cracks which could be expected from any expansion or contraction. * * * The heaviest cracking which we noted is in the front wall of the structure adjacent to the front entry. * * * The uniformity of the moisture distribution and the manner of the moisture distribution definitely indicates that this water has not been from any localized leakage of a water line or sewer line. It is our opinion that the movement and cracking of this structure resulted from a foundation condition due to natural underground water moving through the area on which the structure is located. This has been aggravated to some extent by surface water running off the roof on to the rear patio and passing directly under the structure through the foundation vents * * *."

The decision in this case hinges upon a proper interpretation of the language, "settling, shrinkage, or expansions in foundations, walls, floors, or ceilings", as used in the exclusion clause. Defendant asserts that the damage is "manifestly excluded by the policy provisions", while plaintiffs say that the true intent of the clause was "to exclude what might be called ordinary wear and tear—damage which customarily and frequently happens in any residence, and is not caused by an external force—the type of damage which would have occurred in plaintiffs' home even in the absence of sewer leakage".

A motion for summary judgment, of course, may be granted only if there

is no genuine issue as to any material fact. Fed.R.Civ.P. rule 56. Since, in my opinion, the question whether the damages to plaintiffs' home were caused by the escape of water from sewage lines, as plaintiffs contend, or were brought about by the flow of natural water on or beneath the surface of the ground where the structure is located, as found by defendant's engineers, raises a genuine issue as to a material fact, the defendant's motion must be overruled.

■ Under Texas law, provisions of an insurance policy should be construed in the light of the facts of the case. 32 Tex.Jur.2d 112, Sec. 56. Exceptions and words of limitation in the nature of an exception are strictly construed against the insurer, especially if of uncertain import or reasonably susceptible to a double construction. 32 Tex.Jur.2d 119, Sec. 59. Even if it should appear that the insurer's interpretation constitutes a more likely reflection of the intent of the parties, it cannot escape liability if the interpretation urged by the insured is not itself unreasonable. Continental Casualty Co. v. Warren, 152 Tex. 164, 254 S.W.2d 762 (1953).

Webster gives the words "settling", "shrinkage" and "expansion" the following definitions, among others:

"Settle" means "to become fixed or permanent; to descend gradually; to subside, as the foundation of a house". "Settling", therefore, means the act of becoming fixed or permanent; descending gradually; or subsiding, as the foundation of a house.

"Shrinkage" is "contraction into less bulk or measurement".

"Expand" means to "increase bulk without addition to substance", and "expansion" is the "state of being expanded".

It is not illogical to assume under the foregoing definitions that the only forces which were contemplated in bringing about the settling, shrinkage, or expansion of the foundations, walls, floors, or ceilings of a house, are those which are inherent in the structure itself and the *natural* environment in which it is located, including, but not necessarily limited to, periodic weather conditions, and the ground on which the structure is built.

■ Plaintiffs, therefore, are not being at all unreasonable in arguing that the exclusion clause in this case contemplates the kind of gradual subsidence, shrinkage, or expansion of the foundations, walls, floors, or ceilings of their residence, which a reasonable person would anticipate might result from natural forces which are constantly and habitually operating, as well as from those forces which operate periodically or with a certain degree of frequency; but that the language of such clause does not exclude any unusual subsidence, shrinkage or expansion of the foundations, walls or ceilings brought about by an unexpected and unnatural external force, such as an overflowing sewer. That being so, the issue should be submitted to the jury under proper instructions as discussed by the Supreme Court of Texas in Employers Mut. Cas. Co. v. Nelson, 361 S.W.2d 704 (1962). That case is very similar to the one at bar, except that there the word "normal" appears in the language of the exclusion clause, before the words "settling, shrinkage, or expansion". I do not believe, however, that plaintiffs' position here is made any less tenable by the omission of that word, because in the absence of language clearly showing an intent to the contrary, the words actually used are reasonably susceptible to the construction that a normal condition with respect to the settling, shrinkage or expansion of the foundations, walls, floors, or ceilings, as opposed to an abnormal one, was intended.

Although the renewal policy between the parties, which became effective on August 20, 1960, and upon which suit was also brought by the plaintiffs, is not directly involved in this decision, it is interesting to note that, unlike the policy here, it provides that any loss to real property caused by or resulting from water which backs up through sewers or drains, or water below the surface of the

ground, including that which exerts pressure on the foundations, walls and floors, is excluded from the coverage.

The defendant's motion for summary judgment is overruled, and an order to that effect will be entered.