PHILIP J. TODISCO & another *vs.* NATIONAL FIRE INSURANCE COMPANY OF HARTFORD. January 7, 1970. This is an action of contract against an insurer under a "Homeowner's Policy" which provided coverage for "all loss by . . . perils insured against in . . . [the insurance] policy." On October 5, 1962, there was a rainfall of 2.11 inches. On October 6, 1962, there was a rainfall of 6.96 inches. On the morning of October 6, the plaintiff, Philip J. Todisco, discovered about six to eight inches of water below ground level in his basement. At that time, he also observed a "space between the foundation and the house of approximately two inches." The judge found for the defendant. The case is here on the judge's denial of two of the plaintiffs' requests for rulings. The plaintiffs contend that the judge erred in denying their request that their "loss was physical loss caused by a peril insured against by the [d]efendant's policy of insurance and not excluded therein." They argue that the denial of this request was inconsistent with the allowance of their request which stated that "[t]he special exclusions contained in the [d]efendant's contract of insurance for loss by settling, cracking . . . or by water below the surface of the ground applies only to losses caused by normal or gradual forces of those kinds and does not apply to sudden forces of those kinds." We do not agree that there is such an inconsistency. We think that a periodic weather condition, such as a heavy rainfall, is a natural force which cannot be considered an unanticipated event or a "sudden force."

Therefore it comes within the exclusionary clause in the policy. See *Kane* v. *St. Paul Fire & Marine Ins. Co.* 214 F. Supp. 178, 180 (W. D. Texas). We are not in accord with the plaintiffs' argument that the defendant did not sustain its burden of proof. The plaintiffs' testimony was sufficient to sustain the defendant's burden of proof and to warrant the judge in concluding that the plaintiffs' loss resulted from an excluded peril. See *Murray* v. *Continental Ins. Co.* 313 Mass. 557, 560.

*Exceptions overruled.*

*Morris M. Goldings* for the plaintiffs.
*George G. Pierce* for the defendant.