**Martin J. McDONOUGH,**
**Plaintiff, Appellant,**

v.

**HARDWARE DEALERS MUTUAL FIRE**
**INSURANCE COMPANY,**
**Defendant, Appellee.**

**No. 71–1142.**

United States Court of Appeals,
First Circuit.

Sept. 30, 1971.

Philip D. Epstein, Boston, Mass., with whom Epstein, Goldstein & Feldman, Boston, Mass., was on brief, for appellant.

John E. Lecomte, Boston, Mass., for appellee.

Before ALDRICH, Chief Judge, Mc-ENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

Plaintiff McDonough is the owner of a building insured under a standard Massachusetts fire policy issued by the defendant. A fire occurred nearby which required some 700,000 gallons of

water to extinguish. Some of this water flowed onto plaintiff's land, damaging the building. Defendant conceded, correctly, *see* Jiannetti v. National Fire Ins. Co. of Hartford, 1931, 277 Mass. 434, 438, 178 N.E. 640, that it was liable for this damage. Much of the water, however, went underground where, allegedly, after a number of months, it weakened the foundations, causing the building to settle and crack. The defendant denied liability for this additional loss. Plaintiff invoked arbitration of damage under the standard clause which, for nearly 100 years has been required to be a part of Massachusetts fire policies. Mass.G.L. c. 175 § 99. The referees admitted all of plaintiff's evidence and found for him in the amount claimed. Defendant refused to pay. In the present action removed to the district court because of diversity of citizenship, plaintiff sought to recover on the award. The district court held that two provisions in the policy were, respectively, totally and partially fatal to his claim. We start with the former.

Section C4 of Article V of the policy provided in part,

### "V. EXCLUSIONS

This policy does not insure against:

\* \* \* \* \* \*

C. Loss caused by, resulting from, contributed to or aggravated by any of the following:

\* \* \* \* \* \*

4. water below the surface of the ground including that which exerts pressure on or flows, seeps or leaks through sidewalks, driveways, foundations, walls, basement or other floors, or through doors, windows or any other openings in such sidewalks, driveways, foundations, walls or floors;

unless loss by fire or explosion, as insured against hereunder, en-

sues, and then this Company shall then be liable only for such ensuing loss."

The court found that this subparagraph, if read "literally," was "unambiguous" in the company's favor. It went on to say that this construction "is quite as reasonable as the restricted construction urged by plaintiff," and held for the defendant. This was the wrong approach. If there is a reasonable construction of the policy other than the literal one which is more favorable to the insured, under familiar principles he is entitled to it. *See* Marston v. American Employers Ins. Co., 1 Cir., 1971, 439 F.2d 1035, 1039; Insurance Co. of North America v. Newtowne Mfg. Co., 1 Cir., 1951, 187 F.2d 675, 682.

We believe the exclusion effected by subparagraph C4 is reasonably open to a more restricted construction than that contended for by the company. Contrary to the court's narrow focusing upon this subparagraph, it should have considered Article V as a whole. Most of Article V in referring to water designates water which could not conceivably have resulted from fire.[1] That being the general tenor of the other subparagraphs, it is natural to read this inference into subparagraphs C4, having in mind that water resulting from a fire is normally within the policy. Such a reading could have been easily avoided, if a different concept was intended, by adding thereto the simple words, "whether resulting from fire or not." Under these circumstances, the policy appears to us to be ambiguous. *See* Gaunt v. John Hancock Mut. Life Ins. Co., 2 Cir., 1947, 160 F.2d 599, 601 (L. Hand, J.). It is not enough to say, as did the district court, that the reading contended for by the company makes for ease and simplicity of application. The company draws the policy, and must plainly provide, particularly with regard

---

1. The other Article V exclusions relating to water exclude "flood, surface water, waves, tidal water or tidal wave, overflow of streams or other bodies of water, or spray from any of the foregoing, all whether driven by wind or not," and "water which backs up through sewers or drains."

to exclusions, Vappi & Co. v. Aetna Cas. & Surety Co., 1965, 348 Mass. 427, 431, 204 N.E.2d 273, what it wants.

■ It follows that plaintiff was properly permitted to prove that the underground water damage came from water discharged by the fire trucks. We need not determine whether on the evidence, he sufficiently did so, however, because we agree with the district court that part of the claim he was permitted to establish was not recoverable by reason of another provision in the policy. We find no ambiguity in Article II ("Property Not Covered") § D.[2] Inasmuch as the referees admitted evidence as to matters within, and therefore excluded by, this clause, and made no separation in their findings, their award cannot stand. The case must be resubmitted. *See* 14 Couch, Insurance, § 50,290 (2d ed.).

With respect to the amount stipulated by the parties for damages admitted by the defendant, we note and endorse the parties' stipulation that interest shall run from April 8, 1967. The same date should apply as to any additionally established award.

■ A final matter. Having written the policy without protest to the Massachusetts Insurance Commissioner for his act in approving the form requiring it to contain an arbitration clause, and having proceeded to arbitration without complaint, defendant now wishes us to hold the clause unconstitutional. We cannot comprehend such a belated claim. We may add that even had it been raised seasonably, and in the proper forum, defendant would appear to have a very heavy burden.

The judgment of the district court is vacated and the cause is remanded with directions to enter an order consistent herewith.

2. "D. The cost of excavations; foundations of building(s) which are below the under surface of the lowest basement floor, or where there is no basement, which are below the surface of the ground; foundations of machinery or boilers and engines which are below the surface of the ground; underground flues, pipes, wiring and drains; sidewalks or driveways; piling for building(s) or wharf property below the low water mark."