JOSEPH T. MELLON & another *vs.* HINGHAM MUTUAL FIRE INSURANCE COMPANY. December 31, 1984. *Insurance,* Water damage, "All risk" policy.

This is an action for breach of a contract of insurance, and for violation of G. L. c. 93A. The plaintiffs, insured under a homeowner's policy issued

by the defendant, Hingham Mutual Fire Insurance Company (Hingham), seek to recover for damages sustained when subsurface water entered their basement. Cross motions for summary judgment as to liability only were presented on a statement of agreed facts. A judge of the Superior Court allowed so much of the plaintiffs' motion as was based on breach of contract. The judge ruled in favor of the defendant on the c. 93A claim. Judgment was entered for the plaintiffs in an amount stipulated by the parties. Only the defendant has taken an appeal from the judgment.

About twenty-five years ago when the plaintiffs' house was constructed, a four-inch cast iron drainage pipe was installed beneath the basement floor in order to collect subsurface ground water and drain it away from the house. The pipe was not connected to the internal plumbing system or waste disposal system within the plaintiffs' house. It was, however, connected to the town sewer system. On November 15 and 16, 1981, heavy rainfall caused some local flooding. On November 16, the drainage pipe broke, and "subsurface ground water" entered the plaintiffs' basement, causing damage to their real and personal property.

The policy in effect at all relevant times insured "against all risks of physical loss . . . except as otherwise excluded or limited." The policy specifically covered damage resulting from the "[a]ccidental discharge, leakage or overflow of water . . . from within a plumbing . . . system. . . ." The policy excluded a loss "caused by, resulting from, contributed to or aggravated by . . . water below the surface of the ground including that which exerts pressure on or flows, seeps or leaks through . . . basement . . . floors."

Asserting that the policy excludes loss from damage which in part is caused by natural subsurface ground water, Hingham contends that cases allowing recovery for water damage, notwithstanding identical exclusions, are inapposite. Hingham argues that those cases involved losses resulting from water which was not naturally occurring: typically, water running through pipes connected to an internal plumbing system. Hingham's argument continues that because the drainage pipe under the plaintiffs' home was not part of the plumbing system, their losses are specifically excluded. Based on settled law, Hingham's position is untenable.

The instant case is controlled in all material respects by *Standard Elec. Supply Co.* v. *Norfolk & Dedham Mut. Fire Ins. Co.*, 1 Mass. App. Ct. 762 (1974) (*Standard*). An "all risk" policy is intended to insure against a "fortuitous" event. *Id.* at 763-764, and authorities cited. Moreover, such fortuities are insured against even if they are not specified in the policy. *Id.* at 767-768, and cases cited. As an insurer has the option to exclude from coverage certain risks, see *Slater* v. *United States Fid. & Guar. Co.*, 7 Mass. App. Ct. 281, 282-283 (1979), and authorities cited, it is not surprising that "all risk" policies contain specific exclusions.

When we apply the foregoing principles in the instant case the reasons why the plaintiffs should prevail become apparent. The plaintiffs may recover

if the bursting of the drainage pipe is considered a fortuity[1] and if such fortuity has not been specifically excluded. With respect to the former, Hingham concedes that the damage was incurred as a result of a fortuity. The trial judge found, and we agree, that the "loss was caused by an accidental break rather than a natural occurrence." As such, it is the kind of risk an "all risk" policy is designed to cover.

In any event, it does not follow that "water below the surface of the ground" which does not flow through a plumbing system necessarily is naturally occurring. See *McDonough* v. *Hardware Dealers Mut. Fire Ins. Co.*, 448 F.2d 870, 871 (1st Cir. 1971), where an exclusion identical with the one in this case was held not to bar recovery under a fire insurance policy for damage caused by water which went under the ground after being used to extinguish a fire on adjacent premises.

Finally, it must be noted that "[h]ad the insurer intended a different result, it could have used more appropriate language in the exclusion clause." *Quincy Mut. Fire Ins. Co.* v. *Abernathy*, 393 Mass. 81, 86 (1984). If Hingham had intended to exclude such a loss it should have so stated with precision and clarity, a point decided as early as 1974 in the *Standard* case, 1 Mass. App. Ct. at 768.

*Judgment affirmed.*

W. Paul Needham (*Ethan Warren* with him) for the defendant.
*John W. Lincoln* for the plaintiffs.

---

[1] We do not decide whether the drain which broke on the plaintiffs' own premises could be regarded as a part of their plumbing system. The break, in any case, was a fortuitous event which caused the injury.

An "all risk" policy is designed to extend protection against the kind of "fortuitous loss" which is not usually covered under other insurance. *Standard*, 1 Mass. App. Ct. at 763.