Buddy D. JONES and Nancy Jones, His Wife, Plaintiffs-Appellants,

v.

COLUMBIA MUTUAL INSURANCE COMPANY, Defendant-Respondent.

No. 14278.

Missouri Court of Appeals, Southern District, Division Three.

Nov. 6, 1985.

W. Robert Cope, Summers, Cope and Walsh, P.C., Poplar Bluff, for plaintiffs-appellants.

Albert C. Lowes, Lowes & Drusch, Cape Girardeau, for defendant-respondent.

PREWITT, Chief Judge.

Plaintiffs appeal from a judgment denying their claim, based on an insurance contract, for damages to their house. The question presented is whether damage caused by water escaping from plumbing, due to freezing, is covered by the contract when the water goes underground and causes damage to the house. Defendant paid for damage caused by the water that did not go underground or which caused damage before it went underground.

By a "Homeowners Policy" defendant agreed to insure plaintiffs' house against direct loss caused by various perils, including "Freezing of a plumbing, heating or air conditioning system". Under its exclusions the policy provided that it did not cover loss resulting directly or indirectly from:

3. *Water Damage*, meaning:

a. flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;

b. water which backs up through sewers or drains; or

c. water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

The record includes a stipulation of facts. There the parties state:

"On or about December 22, 1983, the plaintiffs were living in the house but had left the house to visit friends. During the period that plaintiffs were gone, the electricity to the house went off and the water in the pipes in the house froze due to the extremely cold temperatures during that time.

As a direct result of the water in the pipes freezing, the pipes broke causing water to discharge into the house, damaging the interior walls of the house, carpet and other parts of the inside of the house. In addition, the water from the broken pipes ran under the foundation and under the carport of the house and the water then froze.

The freezing of the water under the carport and foundation caused them to move and raise, thus causing damage to the carport, fireplace and foundation.

\* \* \* \* \* \*

While defendant admits that the damage to the carport slab and the foundation was caused by the water from the frozen pipes, at least to a large extent (there always being some water near the surface of the ground at least in the Poplar Bluff, Missouri, area), and admits the amount of damage, it denied coverage under Exclusion 3 of the policy".

\* \* \* \* \* \*

The defendant's contention is that it matters not whether the water that gets under concrete (the porch slab) or in the ground (beside the foundation) came from above originally (here in the house) or from below the surface originally so as to then cause damage, here by freezing, because such damage is excluded by the clear terms of the policy.

Certain principles, which may be applicable here, are used in construing insurance policies. Because an insurance policy is designed to furnish protection if its terms are susceptible to different interpretations, provisions limiting coverage are to be construed against the insurer. *Brugioni v. Maryland Casualty Co.*, 382 S.W.2d 707, 710–711 (Mo.1964).

It is incumbent upon an insurer to express its exclusions in clear and unambiguous terms. *Citizens Insurance Co. of New Jersey v. Kansas City Commercial Cartage, Inc.*, 611 S.W.2d 302, 307 (Mo. App.1980). Clauses which attempt to restrict coverage are construed most strongly against the insurer and to the favor of the insured. *Id.*

A court must reconcile conflicting clauses in an insurance policy so far as their language reasonably permits, but when reconciliation fails, inconsistent provisions will be construed most favorably to the insured. *Bellamy v. Pacific Mutual Life Insurance Co.*, 651 S.W.2d 490, 496 (Mo. banc 1983).

Except for general principles no Missouri cases appear helpful in deciding this matter. In similar situations elsewhere the courts appear split. The cases allowing recovery include *McDonough v. Hardware*

*Dealers Mutual Fire Insurance Co.*, 448 F.2d 870 (1st Cir.1971); *Koncilja v. Trinity Universal Insurance Co.*, 35 Colo.App. 27, 528 P.2d 939 (1974); *Hartford Accident and Indemnity Co. v. Phelps*, 294 So.2d 362 (Fla.App.1974); *Broome v. Allstate Insurance Co.*, 144 Ga.App. 318, 241 S.E.2d 34 (1977); *Nationwide Insurance Co. v. Warren*, 675 S.W.2d 402 (Ky.App.1984); *Mellon v. Hingham Mutual Fire Insurance Co.*, 19 Mass.App.Ct. 933, 472 N.E.2d 674 (1984); *New Hampshire Insurance Co. v. Robertson*, 352 So.2d 1307 (Miss.1977); *King v. Travelers Insurance Co.*, 84 N.M. 550, 505 P.2d 1226 (1973); *Cantanucci v. Reliance Insurance Co.*, 43 A.D.2d 622, 349 N.Y.S.2d 187 (1973), aff'd, 35 N.Y.2d 890, 364 N.Y.S.2d 890, 324 N.E.2d 360 (1974); and *Adrian Associates, General Contractors v. National Surety Corp.*, 638 S.W.2d 138 (Tex.Civ.App.1982), aff'd, 650 S.W.2d 67 (Tex.1983). Cases denying recovery include *Krug v. Millers' Mutual Insurance Ass'n of Illinois*, 209 Kan. 111, 495 P.2d 949 (1972); *Todisco v. National Fire Insurance Co. of Hartford*, 356 Mass. 736, 254 N.E.2d 787 (1970); and *Park v. Hanover Insurance Co.*, 443 S.W.2d 940 (Tex.Civ.App.1969), apparently disapproved in *National Surety Corp. v. Adrian Associates*, 650 S.W.2d 67 (Tex.1983).

As defendant urges, exclusion 3c indicates that the loss in question is not covered. However, 3c and 3a would appear to exclude most of the damage that could occur from frozen pipes. If 3c excludes damage from water below the surface from whatever source, then 3a must exclude damage from "surface water", whatever its source. This might limit the recovery for damage due to freezing of a plumbing system to the damage to the pipes and to damage caused by water above the "surface" such as in the walls.

Viewing 3c literally in context with 3a, and comparing them with the peril of freezing plumbing we are confronted not with an ambiguity in the ordinary sense, but with provisions in the same policy which are difficult to reconcile. These provisions could mean that coverage is provided for loss due to freezing pipes but not for dam-

age caused by surface water or water below the surface. However, even defendant agrees that this is not correct. Defendant only contends that damages caused by the underground water are excluded. The only reasonable way left to reconcile exclusion 3 with the peril of freezing of a plumbing system is to find that they mean that any water damage directly resulting from such freezing is covered, and that exclusion 3c applies only to damage resulting from natural water, or perhaps other sources. This reasoning appears to be in line with the cases allowing recovery cited above. The result is also consistent with construing the policy in favor of the insured.

The judgment is reversed and the cause remanded for the entry of a judgment in favor of plaintiffs for the agreed damages caused by the water going underneath the foundation and carport of the house.

CROW, P.J., and FLANIGAN and MAUS, JJ., concur.