DOUGLAS C. ALTON, JR. vs. MANUFACTURERS AND
MERCHANTS MUTUAL INSURANCE COMPANY.

Bristol. November 2, 1993. - December 16, 1993.

Present: LIACOS, C.J., NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Insurance*, Property damage, Coverage, Construction of policy, Govern-
ment actions exclusion.

A search warrant was an "order of governmental authority" within the
meaning of an exclusionary clause in a policy of insurance, with the
result that "loss or damage caused directly or indirectly" by police of-
ficers executing a search warrant was not covered by the policy. [613-
614]

The terms of an exclusionary clause in a policy of insurance operated to
exclude coverage for damage caused by police officers executing a
search warrant in response to a tenant's criminal activity. [614-615]

CIVIL ACTION commenced in the Superior Court Depart-
ment on March 11, 1991.

The case was heard by *William H. Carey*, J., on motions
for summary judgment.

The Supreme Judicial Court granted a request for direct
appellate review.

*Paul S. Hughes* (*Michael A. Crowe* with him) for the
plaintiff.

*Anna Katherine Bennett* for the defendant.

LYNCH, J. The plaintiff, Douglas C. Alton, Jr., appeals
from summary judgment in favor of the defendant, Manu-
facturers and Merchants Mutual Insurance Company. A Su-
perior Court judge ruled that the terms of the plaintiff's in-
surance policy excluded from coverage damage to the
plaintiff's building caused by the New Bedford police during
the execution of various search warrants. We granted the

plaintiff's application for direct appellate review and now affirm the judgment.

We briefly summarize the facts. On June 29, 1989, New Bedford police obtained a search warrant for the first and second floors of a building owned but not occupied by the plaintiff at 113 Clark Street. The warrant authorized the police to search for cocaine, implements used in the administration and preparation of controlled substances, currency, records, and receipts used in relation to the distribution, sale, or purchase of cocaine. On June 30, 1989, at 9:45 P.M., the police executed the warrant and seized cocaine, currency, and miscellaneous documents from the first floor; but found no contraband on the second floor. On September 6, 1989, the police again obtained a warrant for the search of the first and second floors of the building. In the course of the search authorized by this warrant, no drugs were found on the first floor; cocaine, United States currency, records, and assorted drug paraphernalia were discovered on the second floor of the building.

While executing the warrants the police caused a total of $17,274 worth of damage to the premises.[1] This case arises from the plaintiff's claim for reimbursement for the cost of this damage under his policy of insurance with the defendant. The parties agreed to the essential facts and stipulated that "the only issue as to Plaintiff's right to policy coverage is whether the government actions exclusion is a bar to the Plaintiff's claim." The judge treated the matter as cross motions for summary judgment and allowed the defendant's motion.

---

[1]The damage included the following:

First floor: fourteen storm windows, twelve interior windows, twenty-one sheets of plywood, twenty-two sheets of mylight, five ceiling lights, one ceiling fan, one heater, one gas stove, fourteen sheets of paneling, and the bathroom (vanity, bathtub, cabinet, and sink).

Second floor: fifteen interior windows, twelve storm windows, fourteen sheets of paneling, twenty-four sheets of plywood, three wall cabinets, the bathroom (vanity, bathtub, cabinet, and sink), a gas heater, a stove heater, and six lights.

The section of the policy entitled, "Causes of Loss," provides, in part:

"B. EXCLUSIONS
"1. We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.
". . .
"c. Governmental Action
"Seizure or destruction of property by order of governmental authority."

The plaintiff argues that a search warrant does not constitute an "order of governmental authority" within the meaning of that policy provision.[2] The warrants in question instructed the police as follows: "You are therefore commanded within a reasonable time and in no event later than seven days from the issuance of this search warrant to search for the following property . . . ." In view of such unequivocal language, it is clear that such warrant constitutes an order of governmental authority. See also K.B. Smith, Criminal Practice and Procedure § 167 (2d ed. 1983). The plaintiff contends, however, that the warrant does not order the destruction of property, but rather that property be searched for and seized. The policy excludes from coverage, however, damage caused directly or indirectly by seizure or destruction of property by

_____

[2]The plaintiff relies on *Board of Health of N. Adams* v. *Mayor of N. Adams*, 368 Mass. 554 (1975), and *Old Colony Trust Co.* v. *Merchants Enters., Inc.*, 332 Mass. 484 (1955), to support his contention that the search warrants were not orders. These cases involve the interpretation of the term "order" in two different statutes. *Board of Health of N. Adams* involved whether a statute, authorizing local boards of health to "order" fluoridation of water, included the power to compel appropriation of funds for the fluoridation. *Old Colony Trust Co.* involved whether a building permit should be deemed an "order" pursuant to a statute which permitted a person aggrieved by an order of the building inspector to appeal to the Superior Court. We believe neither case controls whether, under the terms of the policy, a search warrant is an order of governmental authority.

order of governmental authority. The judge ruled that the damage to the plaintiff's building was the indirect result of orders of governmental authority — the search warrants. The officers were ordered to search the plaintiff's building and any damage to the plaintiff's building resulted from the action by the police in carrying out that order. The plaintiff does not contend that the damage was done maliciously or exceeded what was reasonably necessary in the circumstances. The judge correctly ruled, therefore, that the damage falls within the policy's governmental authority exclusion.

The reasoning of *Danulevich* v. *Hartford Fire Ins. Co.*, 36 Conn. Supp. 570 (1980), does not support the plaintiff's cause. In *Danulevich*, the police, acting pursuant to a warrant authorizing the seizure of two items, took over 2,000 items from the plaintiff's apartment. *Id.* at 572. Even after the charges against the plaintiff were dismissed, the police failed to return the items seized. The *Danulevich* court held that the warrant did not sanction the actions of the police. *Id.* at 574. Contrary to the circumstances of *Danulevich*, damage to the plaintiff's building in this case was caused, directly or indirectly, by the police in executing the legal order of governmental authority. It was, therefore, within the exclusion of the plaintiff's policy.

The plaintiff also contends that his policy covers damage caused by a tenant's criminal activity. Therefore, he argues it also covers damage caused by police in apprehending a tenant. This argument is an attempt to come within the train of events principle. In applying this theory to determine whether certain damage is an insured risk, we have recognized that, "[if the proximate] cause is an insured risk, there will be coverage even though the final form of the property damage, produced by a series of related events, appears to take the loss outside the terms of the policy." *Jussim* v. *Massachusetts Bay Ins. Co.*, 415 Mass. 24, 27 (1993). In *Jussim*, however, we recognized that the insurer might have excluded liability under the train of events theory by providing in the exclusion that the policy "did not insure for loss caused *di-*

*rectly or indirectly* by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss." (Emphasis supplied.) *Id.* at 30-31. Here the policy provides that there is no coverage for loss or damage caused directly or indirectly by, among other things, "[s]eizure or destruction of property by order of governmental authority," and such loss or damage is excluded "regardless of any other cause or event that contributes concurrently or in any sequence to the loss."

*Judgment affirmed.*